# BALTIMORE CITY COURT.

Filed November 22, 1921.

MAYOR AND CITY COUNCIL OF BALTIMORE CITY
VS.
ELLEN M. TORMEY.

*Frank Driscoll* for Mayor and City Council.

*George Arnold Frick* and *A. J. Shriver* for defendant.

DAWKINS, J.—

There is practically but one question involved in the motion to quash the proceedings in this case, and that is whether or not the Legislature has a right to pass the act herein and the Mayor and City Council have a right by ordinance to name a commission and to authorize such commission to condemn property for school purposes, which ordinances have been passed in pursuance of Chapter 373 of the Acts of Assembly of 1920.

The briefs filed as well as the oral arguments have been very illuminating. The question raised is an interesting one. It would not seem necessary for the purpose of this motion to discuss the matter presented at length. Courts should give every possible intendment to uphold the laws enacted by the Legislature and especially where, as in this case, the act as well as the ordinances mentioned has been accepted for some months, proceedings have been had under them, the securities have been sold, etc. It is conceded that without the passage of the "Home Rule" Amendment for Baltimore City, this act and the ordinances passed in pursuance thereof would be constitutional.

It is difficult to see how this property owner can be injured when there can be no doubt about the right to condemn for school sites under the statutes, Chapter 1917, Section 6, Sub-section 4. Notwithstanding any changes that passage of the above amendment may have been brought about, it seems that the Charter provision (Section 218), giving power and authority to pass all ordinances to give effect and operation to all powers vested in the Mayor and City Council, would empower them to pass the ordinances, the validity of which is questioned in these proceedings.

The act, the constitutionality of which is attacked by this motion, was duly passed by the General Assembly and approved by the Governor and the ordinances have been passed by the City Council and approved by the Mayor and approved by the voters at a regular election.

It does not appear that by constituting the machinery for making effective this act that the General Assembly has exceeded the power inherent in it, nor has the Mayor and City Council exceeded its authority by passing the ordinance mentioned.

The authorities cited have been carefully examined. Without citing the same at this time, the conclusion has been reached that the city has the right to prosecute the proceedings herein, hence the motion to quash is overruled.